# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CARY EUGENE KISER,              )
                                )
        Plaintiff,               )
                                )
        v.                       )        1:14CV51
                                )
SALISBURY POLICE DEPARTMENT,    )
et. al,                         )
                                )
        Defendants.              )
```

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned United States Magistrate Judge on the Court's Order to Show Cause (Docket Entry 23) and on Defendants' Motion to Dismiss for Failure to Respond to Discovery Requests and for Failure to Prosecute (Docket Entry 20). For the reasons stated below, the undersigned will recommend dismissal of Plaintiff's action.

## FACTUAL BACKGROUND

Plaintiff's pro-se Complaint alleges violations of the Fourteenth Amendment through the use of excessive force by Defendants against Plaintiff. (Docket Entry 2.) Defendants have answered the Complaint and denied these allegations. (Docket Entry 8.) The Court previously entered a scheduling order for the parties that included a deadline for discovery of September 15, 2014, and exempted the parties from serving initial disclosures. (Text Order dated May 14, 2014.) Further, the Clerk has scheduled this matter for trial on July 6, 2015. (Docket Entry 24.)

According to Defendants, they (through counsel) served Plaintiff with their first set of interrogatories, requests for production, and requests for admission on May 13, 2014. (Docket Entry 20, ¶ 2; Docket Entry 21 at 2.) On June 11, 2014, Plaintiff sought a thirty-day extension to respond to Defendants' discovery requests (Docket Entry 14), which the Court granted (Text Order dated June 12, 2014). However, Defendants aver that, despite the extension of time, Plaintiff failed to respond to their discovery requests. (Docket Entry 20, ¶ 4; Docket Entry 21 at 2.) Defendants further allege that their counsel later discovered that the State of North Carolina incarcerated Plaintiff on August 16, 2014, for violating conditions of his state parole. (Docket Entry 20, ¶ 4; Docket Entry 21 at 2.) According to Defendants, the State of North Carolina did not release Plaintiff until approximately February 16, 2015. (Docket Entry 20, ¶ 5; Docket Entry 21 at 3.)

Defendants' counsel reports he intended to contact Plaintiff regarding the discovery requests after his release from incarceration if Plaintiff did not make contact sooner. (Docket Entry 20, ¶ 5; Docket Entry 21 at 3.) Defendants ultimately waited until March 9, 2015, to contact Plaintiff, when they demanded responses to their discovery requests. (Docket Entry 20, ¶ 6; Docket Entry 21 at 3.) Apparently in response to Defendants' demand, Plaintiff filed a motion requesting an extension of the discovery deadline in order to respond to the discovery requests.

2

(Docket Entry 19.)  The Court denied the request as discovery had ended approximately six months earlier.  (Text Order dated Mar. 21, 2015.)  After Plaintiff failed to respond to the renewed requests, Defendants filed the instant Motion.  (Docket Entry 20.)  In that Motion, Defendants request that the Court dismiss Plaintiff's case with prejudice, either for his failure to respond to discovery requests or for failing to prosecute this action.  (Docket Entry 21.)

In response to Defendant's instant Motion, the undersigned ordered Plaintiff to show cause why the Court should not sanction Plaintiff for failing to participate in discovery and set the matter for a hearing.  (Docket Entry 23.)[1]  In that Order, the Court warned Plaintiff that failure to appear at the hearing could result in the dismissal of this action.  (Id. at 3.)  Plaintiff failed to appear at the hearing.  (See Docket Entry dated May 27, 2015.)

## LEGAL BACKGROUND

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders.  Fed. R. Civ. P. 41(b).  In

---

[1] The Docket reflects that the Clerk's Office mailed Plaintiff notice of the hearing to the last address provided by Plaintiff, and the Docket does not contain an entry that the United States Postal Service returned the notice as undeliverable.  (See Docket Entries dated May 13, 2015, to present.)

3

this case, [Plaintiff] failed to respond to a specific directive from the court." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). However, "dismissal is not a sanction to be invoked lightly." Id. Typically, before dismissing an action based on a party's failure to comply with a court order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id.

In addition, Federal Rule of Civil Procedure 37(d) requires parties to participate in the discovery process by, inter alia, answering interrogatories and producing documents as requested. Failure to respond to discovery requests can lead to the imposition of sanctions, including: deeming designated facts as established, prohibiting parties from supporting or opposing designated claims or defenses, striking pleadings, and dismissing the action. See Fed. R. Civ. P. 37(d)(3) (incorporating the sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)). In reviewing a motion for sanctions under Rule 37, the Court must consider: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective."

4

Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998).

**A. Rule 41(b)**

Applying the Ballard factors inevitably leads to the conclusion that dismissal represents the only appropriate course of action. As to the first factor, Plaintiff bears sole responsibility for his failure to attend the hearing. Second, Plaintiff's failure to attend the hearing has significantly prejudiced Defendants. The Court set the hearing for the purpose of addressing Plaintiff's failure to participate in discovery (see Docket Entry 23), but Plaintiff's failure to attend the hearing has thwarted the Court's attempt to remedy the problem and amplified the prejudice to Defendants.

Third, Plaintiff has demonstrated a history of deliberately proceeding in a dilatory fashion, in that, Plaintiff has deliberately failed to respond to discovery requests. Moreover, Plaintiff's failure to attend the hearing further evinces his dilatory nature. Fourth, dismissal represents the only available sanction. With trial set for July 6, 2015 (Docket Entry 24), the Court cannot reasonably utilize other sanctions without imperiling the trial date, "which the Court has an independent interest in preserving," Slate v. Byrd, No. 1:09CV852, 2013 WL 1103275, at *8 (M.D.N.C. Mar. 15, 2013) (unpublished).

5

In addition, the undersigned warned Plaintiff that his failure to comply with the Order and attend the hearing could result in the dismissal of his action. (Docket Entry 23 at 3 ("Plaintiff is warned that failure to comply with this Order may result in the dismissal of his case.").) "In view of the warning, the [] [C]ourt ha[s] little alternative to dismissal. Any other course would [] place[] the credibility of the [C]ourt in doubt and invite[] abuse." Ballard, 882 F.2d at 96. Accordingly, the undersigned recommends that the Court dismiss this case for failure to comply with an Order.

**B. Rule 37**

Plaintiff's failure to participate in discovery also justifies the sanction of dismissal. First, Plaintiff's failure to respond to Defendants' discovery requests constitutes bad faith. See Woo v. Donahoe, No. 12-1265, 2013 WL 5636623, at *4 (E.D. Pa. Oct. 16, 2013) (unpublished) ("Willfulness and bad faith may also be inferred when a party repeatedly fails to respond to discovery requests . . . ."). Second, Defendants have sustained significant prejudice by Plaintiff's refusal to respond to their discovery requests. In the scheduling order for this case, as a result of Plaintiff's then-status as a prisoner, the Court exempted the parties from serving any initial disclosures. (Text Order dated May 14, 2014.) Based on that, and Plaintiff's failure to respond to Defendants' discovery requests, Defendants have received no

6

discovery from Plaintiff with trial set for less than two months away.  Such lack of information prejudices Defendants' ability to adequately prepare for this case.

Third, the Court must deter Plaintiff, and other parties, from refusing to respond to discovery requests.  The purpose of discovery "is to disclose all relevant and material evidence before trial in order that the trial may be an effective method for arriving at the truth and not 'a battle of wits between counsel.'" Guilford Nat'l Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921, 924 (4th Cir. 1962) (quoting Hickman v. Taylor, 329 U.S. 495, 516 (1947) (Jackson, J., concurring)).  By refusing to respond to Defendants' discovery requests, Plaintiff would have Defendants proceed to trial ignorant of his claims and factual support. Fourth, as stated above, no reasonable option for less drastic sanctions exists in this case.  With trial fast approaching and Plaintiff unwilling to heed the Court's orders, dismissal represents the only possible sanction.  Accordingly, the undersigned recommends that the Court grant Defendants' instant Motion.[2]

Although Defendants did not expressly request expense-shifting (see Docket Entry 21), "the [C]ourt must require the party failing

---

[2] Because the undersigned has recommended that the Court dismiss Plaintiff's action for failing to comply with the Court's Order and for failing to participate in discovery, the undersigned has not addressed Defendants' alternative request of dismissal for failure to prosecute (Docket Entry 21 at 5-7).

to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure [to respond]," Fed. R. Civ. P. 37(d)(3). However, the Rule also provides that the Court can deny expense-shifting if "the failure was substantially justified or other circumstances make an award of expenses unjust." Id. Given the generally mandatory nature of expense-shifting, the Court will direct Defendants to file a notice, within five days of this Order and Recommendation, either disavowing any claim to expense-shifting or identifying their reasonable expenses incurred by Plaintiff's failure to respond to their discovery requests. The Court will then enter a further order.

## CONCLUSION

Dismissal represents the proper sanction for Plaintiff's failure to obey the Court's Order and to respond to discovery requests.

**IT IS THEREFORE ORDERED** that, on or before June 4, 2015, Defendants shall file a notice either disavowing any claim to expense-shifting related to Defendant's failure to respond to the discovery requests or identifying the reasonable expenses incurred in association with Defendant's failure to respond to the discovery requests. Failure by Defendants to comply with this Order will result in denial of any expense-shifting as to the instant Motion. Upon receipt of the notice, the Clerk shall refer the matter back to the undersigned.

**IT IS RECOMMENDED** that this action be dismissed with prejudice for failure to comply with the Court's Order (Docket Entry 23).

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Dismiss for Failure to Respond to Discovery Requests and for Failure to Prosecute (Docket Entry 20) be granted in part in that the Court should dismiss this case due to Plaintiff's failure to respond to discovery requests.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 28, 2015