IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CARY EUGENE KISER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| SALISBURY POLICE | )  1:14CV51 |
| DEPARTMENT, OFFICER | ) |
| JEREMY CABLE, and OFFICER | ) |
| RYAN CARLTON, | ) |
| | ) |
| Defendants. | ) |

ORDER

The Recommendation of the United States Magistrate Judge (Doc. #26) was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on May 28, 2015, was served on the parties in this action. Plaintiff Cary Eugene Kiser, proceeding pro se, failed to timely object to the recommendation that his case be dismissed with prejudice for failure to comply with the Court's Order dated May 13, 2015 (Doc. #23) and that Defendants' Motion to Dismiss for Failure to Respond to Discovery Requests and for Failure to Prosecute (Doc. #20) be granted in part.

While the Recommendation was pending before this Court, a status conference was held on June 18, 2015, for which Mr. Kiser was present. During the conference, Mr. Kiser was afforded the opportunity to review a

court-provided copy of the Magistrate Judge's Recommendation,[1] make notes of his objections, if any, to the Recommendation, and present those objections orally. After the Court heard Mr. Kiser's objections and Defendants' response, Mr. Kiser was given seven days from the conference to file written objections, after which Defendants were given seven days to respond. Mr. Kiser filed his objections (Doc. #34), and Defendants responded (Doc. #35).

Pursuant to 28 U.S.C. § 636(b)(1), the district court "shall make a de novo determination" of the portions of the Recommendation to which specific objection is made. See Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. Nov. 20, 2003) (unpublished). On the other hand, the district court "need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'" Id. (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). However, when the party objecting is proceeding pro se, "the court construes [the] objections liberally." Coleman v. Astrue, No. 4:09-CV-32-FL, 2010 WL 3608637, *3

---
[1] There is no indication that Mr. Kiser did not receive a copy of the Recommendation, or any other relevant Court document, when it was mailed to him. However, out of an abundance of caution, the Court provided Mr. Kiser with a copy of the Recommendation, among other filings, to review during recesses, the lengths of which were determined by the time that Mr. Kiser needed to review the materials.

2

(E.D.N.C. Sept. 9, 2010) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Having construed Mr. Kiser's objections liberally and conducted a de novo review of the Magistrate Judge's Recommendation, and cognizant of the challenges pro se litigants face when pursuing civil lawsuits, the Court adopts the Recommendation. As detailed in the Recommendation, Mr. Kiser never responded to Defendants' discovery requests, despite having received an extension of time to do so from the Court, a lengthy informal extension from Defendants, and an Order to Show Cause. (Recommendation at 2-3, Doc. #26.) In response to the recommendation to dismiss for failure to respond to Defendants' discovery requests, Mr. Kiser "contends that the discovery requests put him through a great deal of mental anguish because of flashbacks and reliving the incident thus briefly detrimentally desecrating his mental capacities." (Pl.'s Objections at 2, Doc. #34.) His "ignorance of the law and inability to fully understand legal procedures and technicalities as well as the Latin lingo" "greatly hindered" "his ability to answer" the discovery. (Id.) Neither these arguments, nor the very similar arguments that Mr. Kiser made in court during the status conference, call into question the recommendation to dismiss for failure to respond to discovery. (See Recommendation at 4, 6-7.)

Although ordered to appear for a hearing and show cause why he should not be sanctioned for failing to participate in discovery and warned that "failure to appear at the hearing could result in the dismissal of this action," Mr. Kiser failed to appear at the show cause hearing. (Doc. #23; Minute Entry dated 5/27/2015.) In response to the recommendation to dismiss for failure to comply with that Order, Mr. Kiser explains that his absence "was the result of [his] destitute conditions and lack of a support system that would have afforded him transportation to the hearing thus causing even more mental anguish, as well as stress . . . ." (Doc. #34 at 2.) As above, neither these arguments, nor the very similar ones that Mr. Kiser presented in court, support rejection of the recommendation to dismiss with prejudice for failure to comply with the Court's Order to appear and show cause. (See Recommendation at 3-6.)

For the reasons stated herein, the Magistrate Judge's Recommendation (Doc. #26) is **ADOPTED**; and **IT IS HEREBY ORDERED** that this action be **DISMISSED WITH PREJUDICE** for failure to comply with the Court's Order dated May 13, 2015 (Doc. #23) and that Defendants' Motion to Dismiss for Failure to Respond to Discovery Requests and for Failure to

4

Case 1:14-cv-00051-WO-LPA   Document 36   Filed 07/07/15   Page 4 of 5

Prosecute (Doc. #20) be **GRANTED IN PART** due to Mr. Kiser's failure to respond to discovery requests.

This the 7th day of July, 2015.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge